# CHAMLIN, ROSEN ULIANO & WITHERINGTON

ATTORNEYS AT LAW

GEORGE M. CHAMLIN
(1960-2001)

RONALD B. ROSEN
RBROSEN@CHAMLIN-ROSEN.COM
CERTIFIED BY THE SUPREME COURT OF N.J.
AS A MATRIMONIAL LAW ATTORNEY
FELLOW OF THE AMERICAN ACADEMY
OF MATRIMONIAL LAWYERS
FELLOW OF THE INTERNATIONAL ACADEMY
OF MATRIMONIAL LAWYERS

CHARLES J. ULIANO
CJUESQ@AOL.COM
CERTIFIED BY THE SUPREME COURT OF N.J.
AS A CIVIL TRIAL ATTORNEY
CERTIFIED BY THE SUPREME COURT OF N.J.
AS A CRIMINAL TRIAL ATTORNEY

KENNETH W. CHAMLIN
KWCHAMLIN@AOL.COM
NJ & NY BARS

LAURA S. WITHERINGTON
LSWITHERINGTON@CHAMLIN-ROSEN.COM
NJ & PA BARS

JOHN T. BAZZURRO
JTBLAW1@OPTONLINE.NET
NJ & NY BARS

MARCIE L. MACKOLIN
MLMACKOLIN@CHAMLIN-ROSEN.COM
NJ BAR

ANDREW T. WALSH
ATWALSH@CHAMLIN-ROSEN.COM
NJ BAR

MATTHEW A. SMURO
MASMURO@CHAMLIN-ROSEN.COM
NJ & NY BARS

KAREN M. SCHERMOND
KMSCHERMOND@CHAMLIN-ROSEN.COM
NJ & PA BARS

LOIS D. SUTTON
LSUTTONESQ@AOL.COM
NJ BAR

SHANNON E. WEST
SEWEST@CHAMLIN-ROSEN.COM
NJ BAR

MICHELLE M. ROSEN
MMROSEN@CHAMLIN-ROSEN.COM
NJ & NY BARS

JAMES J. ULIANO
JJULIANO@CHAMLIN-ROSEN.COM
NJ BAR

JOSEPH E. KELLEY, III
JEKELLEY@CHAMLIN-ROSEN.COM
OF COUNSEL
NJ BAR

February 10, 2009

Honorable Freda L. Wolfson
United States District Court
U.S. Courthouse
402 East State Street
Room 6000
Trenton, NJ 08608

   Re: Villari v. Township of Wall, et al.
      Docket No. 06-CV-4 (SRC)
      Our File No. 39710

Dear Judge Wolfson:

  As you are aware, this law firm represents defendant Police Officer Scott Fifield in the above-referenced matter. Please accept this letter memorandum, in move of more formal brief, in response to the plaintiff's opposition to Officer Fifield's motion for summary judgment. As indicated in the original moving papers, oral argument is respectfully requested.

  A review of the plaintiff's opposition reveals that plaintiff is taking the position that Officer Fifield is not entitled to qualified immunity under the law due to the fact that he did not have probable cause to effectuate the arrest of the plaintiff which forms the basis of this litigation. Further, with regard to the stated based claims, plaintiff takes the position that Officer Fifield is not entitled to "good faith"

immunity under New Jersey's Tort Claims Act, and, further, has set forth significant permanent injuries as defined by New Jersey's Tort Claims Act.

With regard to probable cause, it is noted that the plaintiff agrees with a significant portion of Officer Fifield's statement of material facts. Importantly, even the paragraphs that the plaintiff disputes are not relevant and do not raise genuine issues of material fact as to whether or not the arresting police officer had probable cause on the date in question. For instance, there appears to be a factual dispute as to whether the plaintiff's arrest was effectuated by Officer Nash or Officer Fifield. In this regard, the existence of probable cause allows either Officer Nash or Officer Fifield to effectuate a lawful arrest without violating the plaintiff's constitutional rights. Accordingly, for purposes of the within motion for summary judgment, it does not matter which defendant actually effectuated the plaintiff's arrest.

More important than the facts that are being disputed by the plaintiff are the facts that are not being disputed by the plaintiff. In this regard, it appears that the plaintiff does not dispute that Officer Nash, while at the scene of the incident, received radio communications from dispatch wherein Officer Nash was advised that Robert Bodtmann had reported to headquarters and appeared there with a van with a broken windshield. Further, it is undisputed that, thereafter, dispatch advised Officer Nash that Mr. Bodtmann was seeking first aid for himself and for his children who were apparently in the van at the time of the plaintiff's admitted assault on the van. Although the plaintiff disputes that the children were in the van at the time of his attack on it, Officer Nash had

Honorable Freda L. Wolfson
February 10, 2009
Page 3

appropriate reason to believe that there were: his was advised by of same by dispatch whether it was true or not. Accordingly, even assuming that the plaintiff is correct and that there were no children in the van at the time that he attacked the van, Officer Nash (and any other officer on the scene) had appropriate reason to believe that they were in the van given dispatch's communication. In any event, this is merely a "red herring" in that plaintiff had previously admitted to Officer Nash at the scene that he caused damage to the plaintiff's van and same was confirmed by dispatch. Thus, probable cause existed to effectuate the arrest of the plaintiff based upon "criminal mischief" which is criminal destruction of another's property. Once probable cause for one crime is established for purposes of effectuating an arrest, it does not matter whether probable cause does not exist for the remaining subsequent criminal charges. Thus, once probable cause for any crime is established, the plaintiff's constitutional rights remain intact.

Accordingly, based on all of the above, it is clear that Officer Fifield (or Officer Nash) had probable cause to effectuate the arrest of the plaintiff on the date in question. None of the factual issues raised by the plaintiff in his brief in any way removes the existence of probable cause from this case. As such, summary judgment should be granted in favor of defendant Fifield.

With regard to the state based claims, the same analysis exists as to the "good faith" immunity under New Jersey Tort Claims Act. If probable cause existed, Officer Fifield acted in

Honorable Freda L. Wolfson
February 10, 2009
Page 4

good faith as a matter of law and the plaintiff's state based claims must also be dismissed with

prejudice.

Very truly yours,

CHARLES J. ULIANO

JTB/ps
cc:   William J. Gearty, Esq.
      Layni S. Rothbort, Esq.
      John Bonello, Esq.